# EXHIBIT A

1    **Marlo K. Arnold**               FILED
       *BOWMAN & SMITH, P.C.*

2    113 West Giss Parkway       2010 JUN 30  PM 3: 40
       Yuma, Arizona 85364-2210

3    Telephone: (928) 783-8879       JEFFREY MANGIS
       Facsimile: (928) 329-1816       CLERK OF SUPERIOR COURT

4    Email: mkarnold@bowmansmith.com      YUMA ........ 85364

5    **Arizona Bar No. 27233**

6    *Attorneys for the Plaintiff*

7

8

             **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9                  **IN AND FOR THE COUNTY OF YUMA**

10

11                        )   Case No.: S1400CV2010⌐798
       LUCIA MARTINEZ and         )

12    JUAN GAMEZ,              )               LISA W. BLEICH
                          )   Div. ____  (Hon. _____)

13               `Plaintiff,    )
       vs.                          )

14                        )
       ALLSTATE PROPERTY & CASUALTY   )   **COMPLAINT - BREACH OF CONTACT**

15    INSURANCE COMPANY,        )   **AND TORT (NON MOTOR VEHICLE)**
                 Respondent.   )

16                        )

17

18       Plaintiffs, Lucia Martinez and Juan Gamez, by and through undersigned counsel, for their

19    complaint, allege as follows:

20      1. Plaintiffs are residents of Yuma County, Arizona, and all acts complained of occurred in

21         Yuma County, Arizona and caused harm to Plaintiffs in Yuma County, Arizona.

22      2. Defendant, Allstate Property and Casualty Insurance Company (hereinafter "Allstate"), is an

23         insurance company duly authorized to enter into insurance contracts and do business in the

24         State of Arizona at all times relevant to the acts complained of herein.

25      3. The true names or capacities, whether individuals, corporate, partnership, association or

26         otherwise of said John Does 1-5, Jane Does 1-5, ABC Companies 1-5 and XYZ Corporations

27         1-5, inclusive, are known to Plaintiffs, who therefore sue said Defendants, and each of them,

28         jointly and individually, by such fictitious names. Plaintiffs are informed and believe, and

        thereon state, that each of the Defendants designated by a fictitious name herein is

2    responsible for the events and happenings alleged. The precise nature of such responsibility

3    are unknown to Plaintiffs, but were known to Defendants and each of them.

4.   Plaintiffs entered into a contract for auto insurance, policy number 916236728 with
     Defendant Allstate (hereinafter "the insurance contract"), on or about March 30, 2009. The
     Plaintiff paid a premium of $458.96 in consideration for the insurance contract.

5.   This insurance contract covered both of Plaintiffs' vehicles, a 2002 Chevy Trailblazer, VIN
     1GNDS13S322311614 and a 2005 GMC Yukon, VIN 1GKEK13B55J144534. According
     to the insurance contract, $142.33 of the premium was for the Chevy Trailblazer, and $316.63
     was for the GMC Yukon.

6.   On January 25, 2010, Plaintiff's 2005 GMC Yukon was stolen from their home at 661 E. 32nd
     Street, Yuma, Arizona. At that time, Plaintiffs both worked night shifts. When they left for
     work sometime in the afternoon or evening of January 25, 2010, the vehicle was parked
     outside of their home. When they returned from work the next morning, the vehicle had been
     stolen.

7.   The loss by theft of this vehicle was a loss covered by the insurance contract between Plaintiff
     and Defendant Allstate.

8.   Pursuant to Allstate's request, an Affidavit of Vehicle Theft was completed by the Plaintiffs
     on February 8, 2010 and submitted to Allstate.

9.   On February 2, 2010, pursuant to a request from Allstate, both Plaintiffs provided recorded
     statements about the loss. On March 10, 2010, Allstate obtained supplemental recorded
     statements from both Plaintiffs.

10.  On March 10, 2010, Allstate requested that Plaintiffs provide a copy of the vehicle
     registration. Plaintiffs provided the requested documentation on March 16, 2010.

11.  In a letter dated March 19, 2010, Allstate denied Plaintiffs' claim under the insurance
     contract.

12.  The denial letter from Allstate employee David Cortez, a copy of which is attached hereto as
     Exhibit B, stated that Allstate was denying the claim, included a list of "loss details," and cited

2

1      a clause from page 6 of the Allstate Auto Policy: "[w]e will not be liable for any claims which

2      would otherwise be covered if there has been fraudulent and material misrepresentation or

3      concealment of material fact unless there has been injury, death or damage for which the

4      insured may be legally liable."

5    13. Plaintiffs and undersigned counsel attempted for several weeks to obtain a copy of the

6      Plaintiffs' insurance policy. After several agents denied or ignored these requests, David

7      Cortez called undersigned counsel and offered to provide a copy of the policy. A policy

8      marked "SAMPLE DOCUMENT" on each page was sent to undersigned counsel via email.

9

10      **CLAIM 1 - BREACH OF CONTRACT**

11    14. Plaintiffs re-allege paragraphs 1-12, as if fully set forth herein.

12    15. Plaintiffs' loss resulting from the January 25, 2010 theft was covered under the insurance

13      contract pursuant to the "Auto Comprehensive Insurance Coverage." See page 21, paragraph

14      1 of the 'SAMPLE DOCUMENT" policy, a copy of which is attached hereto as Exhibit A.

15      According to the policy "[l]oss caused by missiles, falling objects, fire, theft or larceny,

16      explosions, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, and

17      riot or civil commotion is covered."

18    16. Plaintiffs notified Allstate of this covered loss and submitted a claim under the insurance

19      contract.

20    17. Allstate denied Plaintiffs' covered claim, breaching the insurance contract.

21    18. Plaintiffs were damaged by Defendant Allstate's breach of the insurance contract, causing

22      great financial harm to Plaintiffs and to Plaintiffs' financial reputation as well as great

23      emotional stress and harm to Plaintiffs, entitling Plaintiffs to damage in the amount of

24      Plaintiffs' claim under the contract plus interest, consequential damages, and punitive

25      damages in an amount to be determined but not less than $500,000.

26

27      **CLAIM 2 - TORTIOUS BAD FAITH BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

28    19. Plaintiffs re-allege paragraphs 1-17, as if fully set forth herein.

20. Defendant Allstate, an insurance company licenced to do business in the State of Arizona, is subject to the provisions of Arizona law and regulation applicable to insurance companies in Arizona, including the following provisions:

    20A.   A.R.S. §20-461(A): "A person shall not commit or perform with such a frequency as to indicate as a general business practice any of the following . . . (4) refusing to pay claims without conducting a reasonable investigation based upon all available information."

    20B.   A.R.S. §20-461(A)(6) "Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear."

21. Defendant Allstate is required to follow the standards articulated in each of the aforementioned statutory provisions.

22. Defendant Allstate acted unreasonably in denying Plaintiffs' claim. In addition, Allstate acted either knowing that its denial was unreasonable or with knowing disregard for the reasonableness of its denial. Accordingly, Defendant breached the covenant of good faith and fair dealing implied in every contract, including the insurance contract.

23. In addition, Allstate committed this breach of the covenant of good faith and fair dealing either with an intent to injure Plaintiffs or knowing that this course of conduct created a substantial risk of significant harm to Plaintiffs. Accordingly, Plaintiffs are entitled to punitive damages in this case.

24. Plaintiffs were damaged by Allstate's breach of the implied covenant of good faith and fair dealing, causing great financial harm to Plaintiffs and to Plaintiffs' financial reputation as well as great emotional stress and harm to Plaintiffs, entitling Plaintiff to damage in the amount of Plaintiff's claim under the contract plus interest and punitive damages in an amount to be determined at a trial in this matter, but not less than $500,000.

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:

1. For actual damages for breach of contract in an amount to provide compensation for the reasonable value of the stolen vehicle, plus interest from thirty days after the Plaintiffs made a claim under their contract with the Defendant.

1    2.   For consequential damages including emotional distress in an amount to be proven at trial of

2      not less than $500,000.

3    3.   For punitive damages in an amount to be proven at trail of not less than $500,000 for tortious

4      breach of contract.

5    4.   For a reasonable sum for and as Plaintiffs' attorneys' fees.

6    5.   For such other and further relief as the Court deems just in the premises.

7      DATED this $31^{th}$ of June, 2010.

8

9                           *BOWMAN & SMITH, P.C.*

10

11                         Marlo K. Arnold
                        Attorney for the Plaintiff

12   ***ORIGINAL*** of the foregoing filed
    this 3º ᴵᶜ day of June, 2010, with:

13

14   Clerk, Yuma County Superior Court

15

16   ***COPIES*** forwarded this 3ᵗʰ
    day of June, 2010, to:

17   Allstate Property and Casualty Company
    Director of Insurance

18   2910 North 44ᵗʰ Street, 2ⁿᵈ Floor
    Phoenix, AZ 85018

19   *As Statutory Agent for Allstate Property and Casualty Company*

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1  Evan S. Goldstein (#011866)
   HERMAN | GOLDSTEIN
2  1850 East Thunderbird
   Phoenix, Arizona 85022
3  (602) 569-8200
   egoldstein@hgfirm.com
4  meo@hgfirm.com

5  *Attorneys for Defendant Allstate*

6

7          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8               **IN AND FOR THE COUNTY OF YUMA**

9  LUCIA MARTINEZ and JUAN GAMEZ, | Case No.: S1400CV2010-798

10                  Plaintiffs,

11       vs.                              **NOTICE OF REMOVAL**

12  ALLSTATE PROPERTY & CASUALTY
    INSURANCE COMPANY,
13

14                  Defendant.

15        Defendants Allstate Property & Casualty Insurance Company, whose true

16  identity is Allstate Indemnity Insurance, by and through undersigned counsel, hereby
17
18  gives notice that it has removed this case to the United States District Court, District of

19  Arizona pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  A copy of the Notice of

20  Removal filed in the District Court is attached hereto as Exhibit A.

21        Dated this 19th day of August, 2010.

22                                  HERMAN | GOLDSTEIN
23
24                          By: _____
25                               Evan S. Goldstein
                                 1850 East Thunderbird
26                               Phoenix, Arizona 85022
                                 *Attorneys for Defendant Allstate*

                                        1

1   ORIGINAL */COPY of the foregoing
     Delivered this ___19th___ day of __August__,
2   2010 to:

3   Clerk of the Court*
     Yuma County Superior Court
4

5   COPIES mailed this _19th_ day of
     __Aug.__, 2010, to:
6

     Marlo K. Arnold
7   BOWMAN & SMITH, P.C.
     113 West Giss Parkway
8   Yuma, Arizona 85364-2210
     *Attorneys for Plaintiffs*
9

10  By _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                2

# EXHIBIT C

STATE OF ARIZONA
DEPT. OF INSURANCE

1 | Marlo K. Arnold
   | ***BOWMAN & SMITH, P.C.***
2 | 113 West Giss Parkway
   | Yuma, Arizona 85364-2210
3 | Telephone: (928) 783-8879
   | Facsimile: (928) 329-1816
4 | Email: mkarnold@bowmansmith.com

5 | Arizona Bar No. 27233

6 | *Attorneys for the Plaintiff*

AUG 1 2 2010

TIME _____

SERVICE OF PROCESS

7

8

9

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF YUMA**

10

11 | LUCIA MARTINEZ and
12 | JUAN GAMEZ,

Case No.: S1400CV2010-798

(Hon. Lisa W. Bleich)

13 |                         Plaintiffs,

14 | vs.

15 | ALLSTATE PROPERTY & CASUALTY
   | INSURANCE COMPANY,
16 |                         Respondent.

**SUMMONS**

17

**TO THE ABOVE NAMED DEFENDANT:      ALLSTATE PROPERTY & CASUALTY**
18 |                                      **INSURANCE COMPANY**

19

20 |    **YOU ARE HEREBY** summoned and required to appear and defend in the above-entitled action in the above-entitled Court within **TWENTY (20) DAYS**, exclusive of the day of service, after service of this Summons upon you if served within the State of Arizona, or within **THIRTY (30) DAYS**, exclusive of the day of service, after service of this Summons upon you if served outside of the State of Arizona, and you are hereby notified that in case you fail so to do, judgment by default will be rendered against you for the relief requested in the Complaint.

21

22

23

24 |    The name and address of the attorneys for the Plaintiff is:

25 |            Marlo K. Arnold
   |            **BOWMAN & SMITH, P.C.**
26 |            113  W. Giss Parkway
   |            Yuma, Arizona    85364
27

28 | ///

1    Given under my hand and the seal of the Superior Court of the State of Arizona in and for said

2    County this 23rd day of July, 2010.

3

4                                         **JEFFREY MANGIS**

                                    **CLERK OF THE SUPERIOR COURT**

5

6                               By:_____

                                        Deputy Clerk

7                                         **ELIZABETH ALBARRAN**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1  | **Marlo K. Arnold**
   | *BOWMAN & SMITH, P.C.*
2  | 113 West Giss Parkway
   | Yuma, Arizona 85364-2210
3  | Telephone:  (928) 783-8879
   | Facsimile:  (928) 329-1816
4  | Email: mkarnold@bowmansmith.com

5  | **Arizona Bar No. 27233**

6  | *Attorneys for the Plaintiff*

FILED

2010 JUN 30  PM 3: 40

JEFFREY MANGIS
CLERK OF SUPERIOR COURT
YUMA      85364

7

8                   **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9                         **IN AND FOR THE COUNTY OF YUMA**

10

11  | LUCIA MARTINEZ and                )   Case No.: S1400CV2010 798
12  | JUAN GAMEZ,                       )
    |                                   )   Div. _____  (Hon. _____)
13  |                    `Plaintiff,   )                    LISA W. BLEICH
    |                                   )
14  | vs.                               )
    |                                   )
15  | ALLSTATE PROPERTY & CASUALTY      )   **COMPLAINT - BREACH OF CONTACT**
    | INSURANCE COMPANY,                )   **AND TORT (NON MOTOR VEHICLE)**
16  |                      Respondent.  )
    | _____ )

17

18           Plaintiffs, Lucia Martinez and Juan Gamez, by and through undersigned counsel, for their

    complaint, allege as follows:

19
20      1.  Plaintiffs are residents of Yuma County, Arizona, and all acts complained of occurred in

            Yuma County, Arizona and caused harm to Plaintiffs in Yuma County, Arizona.
21
22      2.  Defendant, Allstate Property and Casualty Insurance Company (hereinafter "Allstate"), is an

            insurance company duly authorized to enter into insurance contracts and do business in the
23
            State of Arizona at all times relevant to the acts complained of herein.
24
25      3.  The true names or capacities, whether individuals, corporate, partnership, association or

            otherwise of said John Does 1-5, Jane Does 1-5, ABC Companies 1-5 and XYZ Corporations
26
            1-5, inclusive, are known to Plaintiffs, who therefore sue said Defendants, and each of them,
27
            jointly and individually, by such fictitious names.  Plaintiffs are informed and believe, and
28
            thereon state, that each of the Defendants designated by a fictitious name herein is

responsible for the events and happenings alleged. The precise nature of such responsibility are unknown to Plaintiffs, but were known to Defendants and each of them.

4. Plaintiffs entered into a contract for auto insurance, policy number 916236728 with Defendant Allstate (hereinafter "the insurance contract"), on or about March 30, 2009. The Plaintiff paid a premium of $458.96 in consideration for the insurance contract.

5. This insurance contract covered both of Plaintiffs' vehicles, a 2002 Chevy Trailblazer, VIN 1GNDS13S322311614 and a 2005 GMC Yukon, VIN 1GKEK13B55J144534. According to the insurance contract, $142.33 of the premium was for the Chevy Trailblazer, and $316.63 was for the GMC Yukon.

6. On January 25, 2010, Plaintiff's 2005 GMC Yukon was stolen from their home at 661 E. 32nd Street, Yuma, Arizona. At that time, Plaintiffs both worked night shifts. When they left for work sometime in the afternoon or evening of January 25, 2010, the vehicle was parked outside of their home. When they returned from work the next morning, the vehicle had been stolen.

7. The loss by theft of this vehicle was a loss covered by the insurance contract between Plaintiff and Defendant Allstate.

8. Pursuant to Allstate's request, an Affidavit of Vehicle Theft was completed by the Plaintiffs on February 8, 2010 and submitted to Allstate.

9. On February 2, 2010, pursuant to a request from Allstate, both Plaintiffs provided recorded statements about the loss. On March 10, 2010, Allstate obtained supplemental recorded statements from both Plaintiffs.

10. On March 10, 2010, Allstate requested that Plaintiffs provide a copy of the vehicle registration. Plaintiffs provided the requested documentation on March 16, 2010.

11. In a letter dated March 19, 2010, Allstate denied Plaintiffs' claim under the insurance contract.

12. The denial letter from Allstate employee David Cortez, a copy of which is attached hereto as Exhibit B, stated that Allstate was denying the claim, included a list of "loss details," and cited

2

| | |
|---|---|
| 1 | a clause from page 6 of the Allstate Auto Policy: "[w]e will not be liable for any claims which |
| 2 | would otherwise be covered if there has been fraudulent and material misrepresentation or |
| 3 | concealment of material fact unless there has been injury, death or damage for which the |
| 4 | insured may be legally liable." |
| 5 | 13. Plaintiffs and undersigned counsel attempted for several weeks to obtain a copy of the |
| 6 | Plaintiffs' insurance policy. After several agents denied or ignored these requests, David |
| 7 | Cortez called undersigned counsel and offered to provide a copy of the policy. A policy |
| 8 | marked "SAMPLE DOCUMENT" on each page was sent to undersigned counsel via email. |
| 9 | |
| 10 | **CLAIM 1 - BREACH OF CONTRACT** |
| 11 | 14. Plaintiffs re-allege paragraphs 1-12, as if fully set forth herein. |
| 12 | 15. Plaintiffs' loss resulting from the January 25, 2010 theft was covered under the insurance |
| 13 | contract pursuant to the "Auto Comprehensive Insurance Coverage." See page 21, paragraph |
| 14 | 1 of the 'SAMPLE DOCUMENT" policy, a copy of which is attached hereto as Exhibit A. |
| 15 | According to the policy "[l]oss caused by missiles, falling objects, fire, theft or larceny, |
| 16 | explosions, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, and |
| 17 | riot or civil commotion is covered." |
| 18 | 16. Plaintiffs notified Allstate of this covered loss and submitted a claim under the insurance |
| 19 | contract. |
| 20 | 17. Allstate denied Plaintiffs' covered claim, breaching the insurance contract. |
| 21 | 18. Plaintiffs were damaged by Defendant Allstate's breach of the insurance contract, causing |
| 22 | great financial harm to Plaintiffs and to Plaintiffs' financial reputation as well as great |
| 23 | emotional stress and harm to Plaintiffs, entitling Plaintiffs to damage in the amount of |
| 24 | Plaintiffs' claim under the contract plus interest, consequential damages, and punitive |
| 25 | damages in an amount to be determined but not less than $500,000. |
| 26 | **CLAIM 2 - TORTIOUS BAD FAITH BREACH OF IMPLIED** |
| 27 | **COVENANT OF GOOD FAITH AND FAIR DEALING** |
| 28 | 19. Plaintiffs re-allege paragraphs 1-17, as if fully set forth herein. |

20. Defendant Allstate, an insurance company licenced to do business in the State of Arizona, is subject to the provisions of Arizona law and regulation applicable to insurance companies in Arizona, including the following provisions:

20A. A.R.S. §20-461(A): "A person shall not commit or perform with such a frequency as to indicate as a general business practice any of the following . . . (4) refusing to pay claims without conducting a reasonable investigation based upon all available information."

20B. A.R.S. §20-461(A)(6) "Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear."

21. Defendant Allstate is required to follow the standards articulated in each of the aforementioned statutory provisions.

22. Defendant Allstate acted unreasonably in denying Plaintiffs' claim. In addition, Allstate acted either knowing that its denial was unreasonable or with knowing disregard for the reasonableness of its denial. Accordingly, Defendant breached the covenant of good faith and fair dealing implied in every contract, including the insurance contract.

23. In addition, Allstate committed this breach of the covenant of good faith and fair dealing either with an intent to injure Plaintiffs or knowing that this course of conduct created a substantial risk of significant harm to Plaintiffs. Accordingly, Plaintiffs are entitled to punitive damages in this case.

24. Plaintiffs were damaged by Allstate's breach of the implied covenant of good faith and fair dealing, causing great financial harm to Plaintiffs and to Plaintiffs' financial reputation as well as great emotional stress and harm to Plaintiffs, entitling Plaintiff to damage in the amount of Plaintiff's claim under the contract plus interest and punitive damages in an amount to be determined at a trial in this matter, but not less than $500,000.

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:

1. For actual damages for breach of contract in an amount to provide compensation for the reasonable value of the stolen vehicle, plus interest from thirty days after the Plaintiffs made a claim under their contract with the Defendant.

4

1    2. For consequential damages including emotional distress in an amount to be proven at trial of

2        not less than $500,000.

3    3. For punitive damages in an amount to be proven at trail of not less than $500,000 for tortious

4        breach of contract.

5    4. For a reasonable sum for and as Plaintiffs' attorneys' fees.

6    5. For such other and further relief as the Court deems just in the premises.

7        DATED this 31ᵗʰ of June, 2010.

8
                                                        *BOWMAN & SMITH, P.C.*
9

10                                               Marlo K. Arnold
                                                 Marlo K. Arnold
11                                               Attorney for the Plaintiff

12   *ORIGINAL* of the foregoing filed
     this 3ᵗ ᴵ² day of June, 2010, with:
13
     Clerk, Yuma County Superior Court
14

15
     *COPIES* forwarded this 3ᵗʰ
16   day of June, 2010, to:

17   Allstate Property and Casualty Company
     Director of Insurance
18   2910 North 44ᵗʰ Street, 2ⁿᵈ Floor
     Phoenix, AZ 85018
19   *As Statutory Agent for Allstate Property and Casualty Company*

20

21

22

23

24

25

26

27

28

FILED

2010 JUN 30  PM 3: 41

JEFFREY HARRIS
CLERK OF SUPERIOR COURT
YUMA ARIZONA 85364

1 | **Marlo K. Arnold**
*BOWMAN & SMITH, P.C.*
2 | 113 West Giss Parkway
Yuma, Arizona 85364-2210
3 | Telephone: (928) 783-8879
Facsimile: (928) 329-1816
4 | Email: mkarnold@bowmansmith.com

5 | **Arizona Bar No. 027233**

6 | *Attorneys for the Plaintiffs*

7 |

8 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9 | **IN AND FOR THE COUNTY OF YUMA**

10 |
| LUCIA MARTINEZ and | Case No.: S1400CV2010-798
11 | JUAN GAMEZ, | **LISA W. BLEICH**
| Div. _____ (Hon. _____)
12 | Plaintiff, |
| vs. |
13 | ALLSTATE PROPERTY & CASUALTY | **CERTIFICATE OF**
INSURANCE COMPANY, | **COMPULSORY ARBITRATION**
14 | Respondent. |

15 |

16 |     Plaintiffs, LUCIA MARTINEZ and JUAN GAMEZ, by and through counsel, Marlo K.

17 | Arnold of BOWMAN & SMITH, P.C, hereby certify that they know the dollar limits and any other

18 | limitations set forth by the Local Rules of Practice for the applicable Superior Court and further

19 | certify that this case is not subject to compulsory arbitration as provided by Rules 72 through 76 of

20 | the Arizona Rules of Civil Procedure.

    **DATED** this 3ʳᵈ day of June, 2010.

21 |

22 |         **BOWMAN & SMITH, P.C.**

23 |       BY _Marlo K. Arnold_

24 |            Marlo K. Arnold
           Attorneys for Plaintiff

25 |

26 |

27 |

28 |





AR
29'ï0 North 44th Street, Suite 210
Phoenix, Arizona 85018-7269

7008 1140 0004 1892 1084

ALLSTATE PROPERTY AND CASUALTY INS
CT CORPORATION SYSTEM
2394 E. CAMELBACK ROAD
PHOENIX, AZ 85016
S1400CV2010798

# EXHIBIT D

1   Evan S. Goldstein (#011866)
    HERMAN | GOLDSTEIN
2   1850 East Thunderbird
    Phoenix, Arizona  85022
3   (602) 569-8200
    egoldstein@hgfirm.com
4   meo@hgfirm.com

5   *Attorneys for Defendant Allstate*

6

7                    **UNITED STATES DISTRICT COURT**

8                         **DISTRICT OF ARIZONA**

9
    LUCIA MARTINEZ and JUAN GAMEZ,      | Case No.:
10
                          Plaintiffs,   | **AFFIDAVIT OF EVAN S.**
11                                       | **GOLDSTEIN**
         vs.
12
    ALLSTATE PROPERTY & CASUALTY
13  INSURANCE COMPANY,

14                        Defendant.

15  STATE OF ARIZONA      )
                          ) ss.
16  COUNTY OF ARIZONA     )

17

18      I, Evan S. Goldstein, declare under penalty of perjury under the laws of the

19  United States of American that the following statements are true and correct:

20      1.    I am the attorney of record for the defendants in this case.

21      2.    I verify that, to the best of my knowledge and belief, Exhibit C to the

22
    Defendant's Notice of Removal contains true and complete copies of all pleadings and
23
    other documents of this date, in the case of Lucia Martinez and Juan Gamez, Plaintiffs
24
    vs. Allstate Property & Casualty Insurance Company, Defendants, Case No.
25

26

                                        1

1  S1400CV2010-798, while the case was pending in the Yuma County, Superior Court of

2  Arizona.

3           Dated this _____ day of August, 2010.

4

5                                    HERMAN | GOLDSTEIN

6

7                                    By: _____
                                          Evan S. Goldstein
8                                         1850 East Thunderbird
                                          Phoenix, Arizona  85022
9                                         *Attorneys for Defendant Allstate*

10         SUBSCRIBED AND SWORN to before me this __ day of August, 2010, by

11  Evan S. Goldstein.

12

13         ROBIN M. LEWIS
           NOTARY PUBLIC
14         MARICOPA COUNTY, ARIZONA        _____
           MY COMM. EXPIRES 08-05-2011     Notary Public

15

16

17

18

19

20

21

22

23

24

25

26

                                     2